CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------------------X

MAHMOUD H. ISSA,

               Plaintiff,

-against-

MAGIC STEP, INC. d/b/a MAGIC SNEAKER,
MAGIC SNEAKER INC. d/b/a MAGIC SNEAKER,
ALBERT SHAIA, ELI SHAIA, and
SALIM SALAMA,

               Defendants.

-----------------------------------------------------------------------X

Case No. 17-CV-3705

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff, MAHMOUD H. ISSA ("Plaintiff"), by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against defendants MAGIC STEP, INC. d/b/a MAGIC SNEAKER ("MAGIC STEP"), MAGIC SNEAKER INC. d/b/a MAGIC SNEAKER ("MAGIC SNEAKER") (collectively, the "Corporate Defendants"), ALBERT SHAIA, ELI SHAIA, and SALIM SALAMA (collectively, the "Individual Defendants") (the Corporate Defendants and the Individual Defendants are collectively referred to herein as the "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), he is entitled to recover from Defendants: (a) unpaid overtime compensation, (b) liquidated damages in an amount equal to that of his unpaid overtime compensation, (c) prejudgment and post-judgment interest, and (d) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New Jersey Wage and Hour Law and Regulations ("NJWHLR"), he is entitled to recover from Defendants: (a) unpaid overtime compensation, (b) liquidated damages in an amount equal to that of his unpaid overtime compensation, (c) pre-judgment and post-judgment interest, and (d) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the Complaint took place in this judicial district.

## PARTIES

5. Plaintiff is a resident of Kings County, New York.

6. Defendant, MAGIC STEP, is a domestic business corporation organized under the laws of the State of New Jersey, with a principal place of business at 55 Broad Street, Elizabeth, New Jersey 07201.

7. Defendant, MAGIC SNEAKER, is a domestic business corporation organized under the laws of the State of New Jersey, with a principal place of business at 55 Broad Street, Elizabeth, New Jersey 07201.

8. The Corporate Defendants own and operate a retail store doing business as "Magic Sneaker," located at 55 Broad Street, Elizabeth, New Jersey 07201, which sells athletic footwear and apparel to the general public (the "Store").

9. Defendants ALBERT SHAIA and ELI SHAIA are the joint owners, officers, directors, proprietors and/or managing agents of the Corporate Defendants, who participated and continue to participate in the day-to-day operations of the Store and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the NJWHLR, N.J.S.A. § 34:11-56a(1)(g), and are jointly and severally liable with the Corporate Defendants.

10. Defendant SALIM SALAMA is the manager and/or supervisor of the Store, who participated and continues to participate in the day-to-day operations of the Store and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the NJWHLR, N.J.S.A. § 34:11-56a(1)(g), and is jointly and severally liable with the Corporate Defendants.

11. At all times relevant herein, the Individual Defendants exercised control over the terms and conditions of Plaintiff's employment in that they have the power and authority to: (i) hire and fire employees, (ii) determine rates and method of pay, (iii)

determine work schedules and hours worked, and (iv) supervise and control the work of employees.

12. Upon information and belief, at all times relevant herein, each of the Corporate Defendants were, and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA in that they (i) have and have had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and have had an annual gross volume of sales of not less than $500,000.

13. The work performed by Plaintiff was directly essential to the business operated by Defendants.

14. At all times relevant herein, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and the NJWHLR.

15. All conditions precedent to the institution of this action have been satisfied, or such conditions have been waived.

## STATEMENT OF FACTS

16. Defendants ALBERT SHAIA and ELI SHAIA hire employees to work as managers and/or supervisors to participate in the day-to-day operation of the Store.

17. Upon information and belief, defendants ALBERT SHAIA and ELI SHAIA hired defendant SALIM SALAMA to work as a manager and/or supervisor of the Store. Mr. Salama is one of Plaintiff's direct supervisors.

18. Although defendants ALBERT SHAIA and ELI SHAIA provide managers and/or supervisors with some authority to effectively run the day-to-day operations of the

4

Store, including the hiring and firing of employees, the setting employee work schedules and rates of pay, they jointly approve and authorize the implementation of those business policies. In other words, although the managers and supervisors can decide the number of hours the employees are permitted to work and the amount of pay that the employees are entitled to receive, they do so under the parameters set by defendants ALBERT SHAIA and ELI SHAIA.

19. Defendants ALBERT SHAIA and ELI SHAIA also themselves actively participate in the day-to-day operation of the Store. For instance, defendants ALBERT SHAIA and ELI SHAIA personally supervise and direct the work of the employees, instruct the employees how to perform their jobs, and correct and/or reprimand the employees for any errors made.

20. The Corporate Defendants are associated as a single enterprise, utilizing Plaintiff and other similarly situated employees in a fungible and interchangeable manner as workers in the businesses operated by the Defendants.

21. The Corporate Defendants each engage in related activities, namely, providing athletic footwear and apparel to the general public for profit. The Corporate Defendants shared Plaintiff and other similarly situated employees, acted in the interest of each other with respect to employees, paid their employees by the same plan or scheme, and are under common control.

22. The Corporate Defendants are controlled by the same owner, or owner group, operating as a unified operation and, upon information and belief, each provide mutually supportive services to the substantial advantage of the other such that each

entity is operationally interdependent of each other and, therefore, may be treated as a single enterprise.

23. In or about March 2015, Defendants hired Plaintiff to work as a floor salesman/customer attendant and cashier at the Store.

24. Plaintiff continues to work for Defendants in those capacities through the present time.

25. Plaintiff works over forty (40) hours per week.

26. Throughout the entirety of his employment, Plaintiff normally works seven (7) days per week, and his work schedule consists of nine and one-half (9½) hours per day Monday through Thursday from 9:30 a.m. until 7:00 p.m.; ten (10) hours per day Friday and Saturday from 9:30 a.m. until 7:30 p.m.; and eight (8) on Sunday from 10:00 a.m. until 6:00 p.m.

27. Plaintiff normally receives a thirty (30) minute break per day and, thus, works sixty-two and one-half (62½) hours per week.

28. Plaintiff works this schedule approximately 75% of the time (*i.e.*, 3 out of every 4 weeks).

29. The other 25% of the time, Plaintiff works six (6) days per week with Tuesday being his day off. Thus, when working six (6) days in a week, Plaintiff works fifty-three and one-half (53½) hours.

30. Throughout the course of year, Plaintiff works even more than the hours alleged herein during holidays such as Black Friday, the weeks leading up to Christmas and New Years, Fourth of July, and others holidays as well.

31. Throughout the entirety of his employment, Plaintiff has not been paid overtime compensation. Throughout the entirety of his employment, Plaintiff has been and continues to be paid at the rate of $1,000 per week straight time for all hours worked. Work performed above forty (40) hours per week is not paid at the statutory rate of time and one-half as required by state and federal law.

32. Defendants knowingly and willfully operate their business with a policy and practice of not paying either the FLSA overtime rate (of time and one-half) or the New Jersey State overtime rate (of time and one-half) to Plaintiff for hours worked over forty (40) in a workweek.

33. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants have failed to maintain accurate and sufficient wage and hour records.

**STATEMENT OF CLAIM**

**COUNT I**
**[Violation of the Fair Labor Standards Act]**

34. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "33" of this Complaint as if fully set forth herein.

35. At all times relevant herein, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

36. At all times relevant herein, Defendants employed Plaintiff within the meaning of the FLSA.

37. Upon information and belief, at all times relevant herein, the Corporate Defendants, either individually or jointly, have had gross revenues in excess of $500,000 per year.

38. Plaintiff is entitled to be paid at the rate of time and one-half for his hours worked in excess of the maximum hour provided for in the FLSA.

39. At all times relevant herein, Defendants had and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for hours worked in excess of forty (40) per workweek.

40. Defendants have not and do not pay Plaintiff overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

41. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to pay Plaintiff lawful overtime compensation for all hours worked in excess of forty (40) per workweek, when they knew or should have known such was due, and that non-payment of overtime compensation would financially injure Plaintiff.

42. As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215 (a).

43. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

44. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages.

45. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

46. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II
**[Violation of the New Jersey Wage and Hour Law and Regulations]**

47. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "46" of this Complaint as if fully set forth herein.

48. At all times relevant herein, Defendants employed Plaintiff within the meaning of the NJWHLR, N.J.S.A. § 34:11-56a(1)(g).

49. Defendants knowingly and willfully violated and continue to violate Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than time and one-half for all hours worked in excess of forty (40) hours in a workweek in violation of N.J.S.A. § 34:11-56a4.

50. Defendants knew of and/or showed a willful disregard for the provisions of the NJWHLR as evidenced by their failure to pay Plaintiff his lawful overtime compensation for all hours worked when they knew or should have known such was due.

51. Defendants' actions are willful and not in good faith within the meaning of N.J.S.A. §§ 34:11-56a25.2.

52. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all

employees, and other similar information in contravention of N.J.S.A. § 34:11-56a20, N.J.A.C. §§ 12:56-4.1, 12:56-4.2.

53. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the N.J.A.C. § 12:56-4.4.

54. Plaintiff has suffered, is now suffering, and will continue to suffer irreparable injury and monetary damages as a result of Defendants' acts.

55. Due to Defendants' NJWHLR violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to N.J.S.A. 34:11-56.8. Plaintiff is also entitled to liquidated damages pursuant to N.J.S.A. § 34:11-56.8.

## PRAYER FOR RELEIF

WHEREFORE, Plaintiff, MAHMOUD H. ISSA, respectfully requests that this Court grant the following relief:

(a) An award of unpaid overtime compensation due under the FLSA and the NJWHLR;

(b) An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(c) An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to the NJWHLR;

(d) An award of prejudgment and post-judgment interest;

(e) An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and,

(f)     Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
       May 24, 2017

                                                  Respectfully submitted,

                                                  CILENTI & COOPER, PLLC
                                                  *Attorneys for Plaintiff*
                                                  708 Third Avenue – 6th Floor
                                                  New York, NY 10017
                                                  T. (212) 209-3933
                                                  F. (212) 209-7102

                                          By: _____
                                                    Giustino (Justin) Cilenti (GC2321)

# CONSENT TO SUE UNDER
# FAIR LABOR STANDARDS ACT

I, __Mahmoud H. Issa__, am an employee currently or formerly employed by __Magic Sneakers__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
5-12, 2017

*Mahmoud Issa*